# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 13-8201 PA (PJWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Emily Downs v. Team Enterprises, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | | None | N/A |
| Deputy Clerk | | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs: None    Attorneys Present for Defendants: None

**Proceedings:**    IN CHAMBERS—ORDER TO SHOW CAUSE

Plaintiff Emily Downs ("Plaintiff") filed this putative class action on behalf of herself and a class of similarly situated individuals. The original Complaint, which asserted claims under the Fair Labor Standards Act ("FLSA"), the California Labor Code, and California Business and Professions Code section 17200, was filed in this Court on November 5, 2013. Plaintiff served the original Complaint on defendant Team Enterprises, LLC ("Defendant") on January 20, 2014. Plaintiff filed a First Amended Complaint on March 11, 2014. Defendant filed its Answer to the First Amended Complaint on March 27, 2014. The parties filed their Joint Report pursuant to Federal Rule of Civil Procedure 26(f) on May 5, 2014. In the Joint Report, Plaintiff proposes a cutoff date for the Motion for Class Certification of March 3, 2015, while Defendant proposes a cutoff date for the Motion for Class Certification of December 15, 2014.

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." "'Local rules are 'laws of the United States,'' and 'valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'" <u>United States v. Comprehensive Drug Testing, Inc.</u>, 473 F.3d 915, 927 (9th Cir. 2006) (internal quotations omitted) (quoting <u>Marshall v. Gates</u>, 44 F.3d 722, 724 (9th Cir. 1995)).

Any motion for class certification should have been filed no later than April 21, 2014. Plaintiff did not file a motion for class certification by that date. Nor did Plaintiff seek leave of the Court for an extension of time to file a motion for class certification prior to the expiration of the time within which to timely file such a motion. Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing why the class action allegations should not be stricken for failure to timely file a motion for class certification. Plaintiff's response to this order to show cause shall be filed by May 12, 2014.

IT IS SO ORDERED